UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES RAY THOMAS II,<br>aka ALI ADEBISI,<br><br>      Plaintiff,<br><br>    -vs-<br><br><br>TRANS UNION, LLC and EQUIFAX<br>INFORMATION SERVICES, LLC<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 4:22-cv-3669-SAL-TER<br><br><br><br><br><br>**ORDER** |

  Plaintiff, who is proceeding pro se, brings this action for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. Presently before the court is Defendant Equifax Information Services, LLC's (Equifax) Motion to Compel (ECF No. 49). Plaintiff filed a Response (ECF No. 51). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

  Equifax has served its First Set of Interrogatories, First Requests for Production, and First Requests for Admission on Plaintiff. Plaintiff responded by stating only "Deny pursuant to 15 U.S.C. § 1692e(3)." In addition, Plaintiff has failed to serve Initial Disclosures pursuant to Fed.R.Civ.P. 26. After Equifax sent several letters to Plaintiff regarding his failure to fully respond to its discovery requests, Plaintiff replied and stated

> Deny Pursuant to 15 U.S.C. 1692e (3). I am not compelled to respond to anything coming from an attorney. You are requiring nonpublic personal information to which I do not have to disclose. You are not an attorney under the rules of evidence. You are a third party to the matter at hand, who does not have firsthand knowledge (rule 602). Pursuant to the rule of evidence, Rule 402, I bring into this court the United States Statues at Large. Under the United States at Large, pursuant to 15 U.S.C. 1692e(3), any implication that communication is coming from an attorney is false

and misleading. Equifax is in default and Plaintiff moves for summary judgment. As a result, Equifax filed the present motion asking the court to compel Plaintiff to respond to its discovery requests and provide Rule 26 Initial Disclosures. Equifax also asks the court to award sanctions. Plaintiff argues in his response that he should not have to provide his social security number/card because it is a violation of the privacy act. He also appears to argue that Rita Barker, counsel for Equifax, is not entitled to any of the information requested in discovery requests and asserts that she should have to produce evidence that she is an employee of Equifax. He also argues generally that "the discoveries have nothing to do with the facts of the actions of the defendant."

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case..." Lynch v. Dining Concepts Grp., LLC., No. 2:15-cv-580-PMD, 2016 WL 1448478, at *1 (D.S.C. Apr. 13, 2016).

Plaintiff cites to 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and subsection (3) specifically provides that a debt collector violates this provision by falsely representing or implying that the debt collector "is an attorney or that any communication is from an attorney." He argues that counsel of record for Equifax, Rita Barker, is not entitled to the information requested in the discovery requests. Court records reflect that Barker has made an appearance in this case on behalf of Equifax and that Barker is a member of the South Carolina Bar and is admitted to practice law in this court. Further, the statute cited by Plaintiff is part of the Consumer Credit Protection Act and does not speak to the discovery process in civil actions. Plaintiff fails to point to any rule of procedure that allows a party object to discovery requests based

on the attorney representing the requesting party.[1]

Plaintiff also makes a blanket objection that Equifax's discovery requests are not relevant to his claims. The Federal Rules of Civil Procedure provide that "the grounds for objecting to interrogatories must be stated with specificity." Fed.R.Civ.P. 33(b)(4); see also Fed.R.Civ.P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the bases of that objection. An objection to part of a request must specify that part and permit inspection of the rest."); Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35, 38–39 (D. Md. 2000) (noting that Rule 26 "impose[s] an affirmative duty on the objecting party to particularize with facts, not conclusory statements, the basis for these objections."); Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 528 (S.D.W. Va. 2007) ("[S]pecific objections are required in responding to a Rule 34 request, even though the language of Rule 34 is less explicit than Rule 33(b)(4) as to the nature of an acceptable objection."). Plaintiff's blanket objection to responding to Equifax's discovery requests is insufficient.

For these reasons, Equifax's Motion to Compel (ECF No. 49) is **GRANTED in part** in that Plaintiff is directed to respond to Rule 26 Initial Disclosures and Equifax's its First Set of Interrogatories, First Requests for Production, and First Requests for Admission within fifteen days of the date of this order. The court declines to award sanctions at this time but warns Plaintiff that failure to comply with this order or otherwise comply with discovery may result in sanctions.

**IT IS SO ORDERED.**

---

[1] Plaintiff takes issue with Baker's representation in her affidavit that she has "personal knowledge of the facts herein based upon [her] experience with this litigation." Baker Aff. ¶ 2. Plaintiff asserts that Baker was not involved in the issues giving rise to this litigation and, thus, does not have personal knowledge. However, the matters contained within her affidavit address only the history of the discovery process in this action and not the underlying facts of the case.

                                      s/Thomas E. Rogers, III  
                                      Thomas E. Rogers, III  
                                      United States Magistrate Judge

December 1, 2023  
Florence, South Carolina