IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ray Thomas, II, *a/k/a Adebisi Ali*, <br><br> Plaintiff, <br><br> v. <br><br> Equifax Information Services, LLC, <br><br> Defendant. | C/A: 4:22-cv-3669-SAL-TER <br><br><br> **ORDER** |

Plaintiff Charles Ray Thomas, II, proceeding pro se, brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff has twice filed motions for summary judgment. *See* ECF Nos. 28, 57. The first motion for summary judgment was denied by the court on June 12, 2023, but Plaintiff asks the court to reconsider its order, *see* ECF No. 73. As to the second motion for summary judgment, on December 1, 2023, United States Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending Plaintiff's second motion for summary judgment be denied as it is both procedurally deficient and premature. [ECF No. 82.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 4. Plaintiff filed objections, and Defendant Equifax Information Services, LLC, responded. [ECF Nos. 86, 91.]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

*de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

As explained in the Report, which the court adopts in full, Plaintiff's second motion for summary judgment, ECF No. 57, is deficient for many of the same reasons Plaintiff's first motion for summary judgment, ECF No. 28, was deficient. [ECF No. 82.] That is, "Plaintiff has failed to identify in his motion the specific claims or defenses for which he seeks summary judgment, nor has he pointed to specific evidence in the record to support his argument that summary judgment is proper." *Id.* at 2. These things are required by Fed. R. Civ. P. 56. The magistrate judge further recommends denying summary judgment since the parties are still in the discovery phase, and Plaintiff is not participating in that process. [ECF No. 82 at 3.]

In his objections, Plaintiff states he "agrees with the court that summary judgement may be premature for submission to the court." [ECF No. 86 at 1.] But he also "moves the court at this time to consider Rule 60, with new evidence brought to the court submitted on November 13, 2023, entry number 77, where Plaintiff has brought to the court evidence of a massive data breach (143 million) from defendant who are acting custodians of nonpublic personal information." *Id*. He then goes on to ask that the court compel Defendant to produce a registration statement, and he asks the court to impose sanctions if Defendant does not do so. *Id.*

Plaintiff has not raised any specific objections to the Report. In fact, it appears he agrees with the magistrate judge's assessment that Plaintiff's motion for summary judgment is premature.

2

*See* ECF No. 86.  Absent any specific objections, and finding no clear error in the Report, the court adopts the Report and denies Plaintiff's motion for summary judgment both because it is procedurally deficient and because it is premature.

As to Plaintiff's request that this court consider Rule 60, which pertains to relief from a judgment or order, this seems to dovetail with Plaintiff's motion that the court reconsider its earlier denial of his motion for summary judgment.  *See* ECF No. 73.  But the "new evidence" he cites does not cure the deficiencies in the first motion for summary judgment.  He fails to adequately identify and support the claims on which he seeks summary judgment, and these motions are premature, a finding with which Plaintiff apparently agrees.  Accordingly, the court denies Plaintiff's motion to reconsider, ECF No. 73, and the request he makes in his objections to the Report.

Regarding Plaintiff's motion to compel/for sanctions, Plaintiff has made an almost identical request in a pending motion to compel before the magistrate judge.  *See* ECF No. 79.  The court will leave that motion to the magistrate judge's discretion, along with the other pending discovery and pretrial motions.

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 82, and incorporates the Report by reference herein.  For the reasons set forth above, Plaintiff's motion for summary judgment, ECF No. 57, is **DENIED**, and Plaintiff's motion for reconsideration, ECF No. 73, is **DENIED**.

**IT IS SO ORDERED.**

February 5, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge